[No. 7464–4–I.   Division One.   May 12, 1980.]

THE STATE OF WASHINGTON, *on the Relation of Becky Ellen Charles, Appellant,* v. BELLINGHAM MUNICIPAL COURT, *Respondent.*

*William Johnston,* for appellant.

*Patrick L. Brock, City Attorney,* and *Kathryn Lee, Assistant,* for respondent.

DURHAM–DIVELBISS, J.—The defendant, Becky Ellen Charles, was tried on December 5, 1978, in Bellingham Municipal Court on charges of negligent driving and hit-and-run of an occupied vehicle. A jury found her not guilty of the negligent driving charge, but did not reach a verdict on the hit-and-run charge. When the City refiled the hit-and-run charge, the defendant moved to dismiss the charge on the grounds of double jeopardy. The municipal court denied defendant's motion, and she petitioned the Superior Court for a writ of prohibition to enjoin the City from retrying her on the second offense. She appeals from the dismissal of her petition.

Without a verbatim report of proceedings, the Superior Court was limited, as are we, to reviewing the following findings and conclusions entered by the municipal court:

FINDINGS OF FACT

1. The jury returned a verdict of "not guilty" to the charge of negligent driving and indicated they were unable to agree on the charge of hit and run.

2. Jury deliberations loasted [*sic*] one to one and a half hours.

3. Normal time for jury deliberations in Municipal Court is 45 minutes.

4. The jury deliberations continued until well after 5:00 p.m. in the afternoon.

5. The length of trial was approximately 4 hours.

6. No questions were asked of the jury by the judge except for the request for their verdict.

CONCLUSIONS OF LAW

1. The lenth [*sic*] of time the jury deliberated was sufficient to allow them to fully consider the evidence and the issues presented.

2. No due process violation occurred in releasing the jury without requiring them to deliberate further with respect to the hit and run charge.

3. The release of the jury was based on the exercise of judicial discretion and the conclusion that they would not reach a verdict even if further deliberations were required.

4. There is no violation of double jeopardy in allowing Ms. Charles to be re–tried for the offense of hit and run.

In addition to the findings and conclusions, the Superior Court had before it an affidavit of defense counsel that incorporated his letter to the assistant city attorney written shortly after the events in question, reciting what occurred in the municipal courtroom. This recitation, which is part of the record on appeal, has been unchallenged by the City. Defense counsel's letter stated that the jury deliberated from about 4 p.m. to about 5:15 p.m., then returned to the courtroom where the following occurred:

> In any event, in response to the Judge's question about whether a verdict had been reached, the jury foreman rose and said "yes Your Honor, we find the defendant", . . . and then I recall that the foreman said "we are unable to reach a verdict with respect to the 'two other forms'". The two other forms relate to the other charge at issue which is the hit and run occupied.
>
> After this had happened, I stood up and asked the Court to poll the jury which I, after saying this, amended to say, ask questions of the jury. As this was happening, Judge Moynihan excused the jury saying something to the effect "you may leave" and they began to proceed to file out and as I was simultaneously asking the Court to make inquiries of the jury, Judge Moynihan said to me that "you can ask them [the jury] outside".

The parties do not dispute that during deliberations, there was no communication between the court and the jury, nor any indication that the jury was having difficulty in reaching a verdict. Defense counsel's affidavit claims that

the municipal judge did not expressly declare a mistrial, and that defendant did not consent in any way to the jury's release. The record does not reflect that any motion for mistrial was made by either party, nor that the term mistrial was ever used in the municipal court proceedings.

We are asked to determine if the Superior Court erred in finding that the municipal court did not abuse its discretion in discharging the jury under the circumstances.

■ Our concern is that a precipitous discharge of a jury could result in a defendant being placed twice in jeopardy for the same offense, contrary to well established principles. Const. art. 1, § 9; U.S. Const. amend. 5; *Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969); *State v. Eldridge,* 17 Wn. App. 270, 562 P.2d 276 (1977), *review denied,* 89 Wn.2d 1017 (1978). However, the United States Supreme Court has long recognized that a court may discharge a genuinely deadlocked jury and require a criminal defendant to submit to a second trial, when "taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580 (1824); *United States v. Jorn,* 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547 (1971).[1]

Our own courts have adopted the "manifest necessity" rule above with insignificant variation. *See, e.g., State v. Connors,* 59 Wn.2d 879, 371 P.2d 541 (1962); *accord, State v. Eldridge, supra; State v. Bishop,* 6 Wn. App. 146, 491 P.2d 1359 (1971), *review denied,* 80 Wn.2d 1006 (1972). Our Supreme Court has explained:

> [W]here, . . . a jury has been impaneled and sworn to try the cause, the defendant has the right to have his case determined by that jury; and a discharge of that jury,

---

[1] The City contends that the "manifest necessity" standard governs cases where the jury is discharged *before* deliberations, but not afterwards. The discharge of a hung jury, they argue, is left solely to the discretion of the trial judge. We disagree. *United States v. Perez, supra,* concerned a hung jury. The trial court is bound by the "manifest necessity" standard whenever it discharges a jury.

without his consent, has the same effect as an acquittal, unless such discharge was necessary in the interest of the proper administration of public justice.

*State v. Connors, supra* at 883.

The relevant statutes and rules also provide that discharge of a jury is appropriate if it satisfactorily appears to the trial judge that there is no reasonable probability of the jury arriving at an agreement even if given more time. RCW 4.44.330; CrR 6.10; *see generally ABA Standards Relating to Trial by Jury* § 5.4(c) Commentary at 156–58 (Approved Draft 1968).

Normally, great deference is given to a trial court judge's decision to declare a mistrial when the jury appears deadlocked. The reason, as explained by the United States Supreme Court, is clear:

> On the one hand, if he [the trial judge] discharges the jury when further deliberations may produce a fair verdict, the defendant is deprived of his "valued right to have his trial completed by a particular tribunal." But if he fails to discharge a jury which is unable to reach a verdict after protracted and exhausting deliberations, there exists a significant risk that a verdict may result from pressures inherent in the situation rather than the considered judgment of all the jurors.

*Arizona v. Washington,* 434 U.S. 497, 509, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978). Nevertheless, a trial court's clear abuse of discretion in discharging a jury is subject to appellate review. *State v. Barnes,* 54 Wash. 493, 103 P. 792 (1909).

The record shows that the court discharged the jury immediately upon the foreman's statement that it had been unable to arrive at a verdict. The findings of fact and conclusions of law, entered more than 2 months after trial, reflect that only one factor was apparently taken into consideration, *i.e.,* length of deliberation. The court found that "normal time" for jury deliberation was 45 minutes and that the jury in question had exceeded it by approximately 30 to 45 minutes. We are as unaware of any standards establishing "normal" jury deliberation time as we are of any authority requiring a mistrial when the jury deliberates

beyond that period. *State v. Boulet,* 5 Wn.2d 654, 660, 106 P.2d 311 (1940).

The City has argued that any inquiry to the jury regarding their progress might have amounted to judicial coercion and that length of deliberation alone is a sufficient basis for a jury's discharge. *State v. Boogaard,* 90 Wn.2d 733, 585 P.2d 789 (1978). We do not agree, for the court stated there at page 739:

> [A] trial judge could ordinarily evaluate the probability of agreement from the length of time the jury had been deliberating, *viewing that in the light of the volume and complexity of the evidence.*

(Italics ours.) Although the trial court was not required to expressly find "manifest necessity," it is clear that the record must adequately disclose some basis upon which the court determines that the jury necessarily must be discharged. *Arizona v. Washington, supra.*

Here the record reflects no such basis. We find that the municipal court's precipitous discharge of the jury operated as an acquittal, that the defendant was placed twice in jeopardy for the same offense, and that the writ of prohibition was improperly denied.

Reversed.

CALLOW, C.J., and WILLIAMS, J., concur.

Reconsideration denied June 19, 1980.