[No. 6215-1-II.   Division Two.   January 13, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. RAYMOND
M. DYKSTRA, *Petitioner.*

*Clifford R. Kuhn,* for petitioner.

*Henry R. Dunn, Prosecuting Attorney,* and *Robin M. Force, Deputy,* for respondent.

PETRICH, C.J.—One issue is raised by this appeal: Should the State be barred from retrying defendant after the first trial ended in mistrial because the jury could not reach a

verdict? After the State refiled the charges, the defendant's motion to dismiss on double jeopardy grounds was denied. The parties stipulated to a stay of the trial court proceedings and this court accepted discretionary review. We affirm, holding that under the facts of this case a retrial is not barred.

Defendant was tried for two counts of indecent liberties. Jury deliberations which totaled 13½ hours lasted 4 hours on day one, and resumed the following day at 9 a.m. Over defendant's objection the court initiated communication with the jury three times on the second day of deliberations, inquiring about the progress. At 1 p.m. the judge summoned the jury and asked the foreman whether there had been movement on either verdict. The foreman responded "yes" on verdict A and "no" on verdict B. The jury resumed deliberations. At 4 p.m. the court repeated this procedure. The foreman indicated there had been movement on either verdict since the morning and again the jury resumed deliberations.

Shortly before 6:30 p.m., one juror told the court her husband was scheduled for a myelogram the following morning, and would require hospitalization for 2 days. Also in the intervening time, the bailiff notified the court of the following: a different juror had been crying; the general demeanor of the jury had deteriorated drastically, and they appeared physically exhausted; and the bailiff's assessment was that the jury had divided into two groups. The court again summoned the jury at 6:32 p.m. and asked the foreman whether the jury had made progress since 4 p.m. on either verdict. The foreman indicated it had not, and answered no to the court's next question: "[I]s there a reasonable probability of the jury reaching an agreement as to Verdict A [B] within a reasonable time?" The court then excused the jury.

Defendant contends on appeal extraordinary and striking circumstances did not exist such as to warrant the mistrial, and thus he was erroneously deprived of his valued right to have the jury that was sworn and impaneled to hear his

case determine guilt or innocence. He also contends the court should have polled the jurors individually to determine whether they agreed with the foreman's assessment that a verdict was not attainable within a reasonable time.

■ The state and federal constitutional protection against double jeopardy not only bars a second trial following acquittal, but also encompasses a defendant's "'valued right to have his trial completed by a particular tribunal.'" *Arizona v. Washington,* 434 U.S. 497, 503, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978); *State v. Jones,* 97 Wn.2d 159, 641 P.2d 708 (1982). The rationale for this doctrine is to avoid the unfairness of a second prosecution which "increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted." (Footnotes omitted.) *Arizona v. Washington,* 434 U.S. at 503–04. In *State v. Connors,* 59 Wn.2d 879, 883, 371 P.2d 541 (1962), the court stated a discharge of the jury without defendant's consent has the same effect as an acquittal "unless such discharge [is] necessary in the interest of the proper administration of public justice." (Footnote omitted.) Defendant's "valued right" is not absolute. When it can be shown that a discharge is necessary in the proper administration of justice, retrial is not prohibited. *State v. Jones,* 97 Wn.2d at 163.

A determination that jury discharge is justified by the circumstances is a discretionary ruling, which is entitled to great deference by a reviewing court. The reason for this is clear:

> On the one hand, if [the trial judge] discharges the jury when further deliberations may produce a fair verdict, the defendant is deprived of his "valued right to have his trial completed by a particular tribunal." But if he fails to discharge a jury which is unable to reach a verdict after protracted and exhausting deliberations, there exists a significant risk that a verdict may result from pressures inherent in the situation rather than, the considered judgment of all the jurors.

*Arizona v. Washington,* 434 U.S. at 509. *Accord, State v. Jones, supra.* The trial court is not clothed with unbridled discretion. Its decision must rest on the presence of "extraordinary and striking" circumstances which indicate substantial justice cannot be obtained without declaring a mistrial. *State v. Jones,* 97 Wn.2d at 163. Furthermore, the record must reflect the basis upon which the court relied in making this discretionary determination. *State ex rel. Charles v. Bellingham Municipal Court,* 26 Wn. App. 144, 149, 612 P.2d 427 (1980).

In general, the lapse of time alone is not sufficient to justify a mistrial. *State ex rel. Charles v. Bellingham Municipal Court, supra.* However, the length of time, in view of the complexity and volume of the evidence, may constitute extraordinary and striking circumstances. *See generally State v. Boogaard,* 90 Wn.2d 733, 739, 585 P.2d 789 (1978). This is especially true when considered together with the jury's acknowledgment that it is hopelessly deadlocked. *See generally State v. Jones,* 97 Wn.2d at 164.

We have carefully examined the record and, in our view, it demonstrates extraordinary and striking circumstances such as to justify a mistrial. Although the record does not disclose the volume or complexity of the evidence, or the issues involved, other factors support our conclusion. They are: a juror obviously and understandably concerned with her husband's impending hospitalization for a medical procedure; a second juror reflecting emotional distress; an apparent breakdown in the deliberative process evidenced by the jury's dividing into groups; lack of progress in reaching a verdict; and an acknowledgment from the foreman after 13 hours of deliberation that the jury could not reach a verdict within a reasonable length of time. We cannot say the trial court in this instance abused its discretion.

Defendant contends the court should have polled the jurors individually as to whether they concurred with the foreman's assessment that a verdict could not be reached within a reasonable length of time. He relies on a juror's affidavit to the effect that, contrary to the foreman's repre-

sentation at 6:30 p.m., there had been movement toward a verdict on one count, but the movement had been reversed by the time the judge questioned the jury at 6:30. The juror could not state what would have been the result of further deliberations had the jury been allowed to continue deliberating.

In ascertaining the jury's position, the court must take pains to avoid coercing or interfering with the deliberative process. *State v. Boogaard,* 90 Wn.2d at 736. The court may make certain limited inquiries of the jury. *State v. Jones, supra.* Individual polling is not necessarily precluded. *See generally* 3 American Bar Ass'n, *Standards for Criminal Justice,* Std. 15-4.4, Commentary at 15.144 (2d ed. 1980). We think, however, that the court has the discretion to rely on the representations of the foreman and that the judge did not abuse his discretion here. *Accord, United States v. Cawley,* 630 F.2d 1345 (9th Cir. 1980); *People v. Byers,* 90 Cal. App. 3d 140, 152, 153 Cal. Rptr. 249, 255 (1979).

The juror's affidavit does not persuade us otherwise. The affidavit claimed "movement" but deliberations had simply reverted to the status of the 4 p.m. inquiry, which is essentially the same ultimate determination reported by the foreman. Furthermore, the affidavit is noncommittal as to whether a verdict could be reached within a reasonable time.

The denial of the motion to dismiss is affirmed.

PETRIE and REED, JJ., concur.

Reconsideration denied March 7, 1983.

Review denied by Supreme Court May 10, 1983.