[No. 6607-6-II. Division Two. October 15, 1984.]

THE STATE OF WASHINGTON, *Petitioner*, v. BENJAMIN JOSEPH BROWNING, *Respondent*.

*Henry R. Dunn, Prosecuting Attorney,* and *Bert Paul, Deputy,* for petitioner.

*Ed Putka,* for respondent.

REED, J.—On the State's motion this court granted discretionary review of a Cowlitz County Superior Court order dismissing on double jeopardy grounds a DWI charge against defendant Benjamin J. Browning. RAP 2.2(c), 2.3(d). We affirm.

The facts all appear in the sparse record of the trial which took place June 16, 1982 before the Cowlitz County District Court and are as follows:

MR. CORIGLIANO: Ladies and gentlemen I have reproduced the elements that I have to prove to you today. I have to prove to you, number 1, that on or about the 22nd day of February, 1982, the defendant drove a motor vehicle. Well, we know that's true. He admits that. The Trooper testified to that. Mrs. LaBerge testified to that. We've proven number 1 beyond any reasonable doubt. I'll go to number 4 because it's easy. The acts occurred in Cowlitz County. No question about that. We know where it occurred. Trooper Giles told us yes, that's Cowlitz County. We've proved number 4. Now this is very important and I ask you to pay special attention to it because the instruction in the State's opinion is misleading.

MR. PUTKA: I'm going to object to that, Your Honor.

THE COURT: Sustained. Jury will ignore that statement.

MR. CORIGLIANO: As I explained to you ladies and gen-

tlemen I am referring to instruction number 10 and when you get in the jury room I ask you to look at that really carefully and I'd like to read a portion of that to you now. Instruction number 10 is basically this right here. It gives you the elements that have to be proven and it says each and all of the foregoing elements have to be proven beyond a reasonable doubt. I want to explain that because that's a little bit misleading.

MR. PUTKA: Object, again. Your Honor, I object. I would like a ruling. The Prosecutor can't constantly refer to the instructions as misleading.

THE COURT: If he does, I'm not so sure I shouldn't declare a mistrial right now.

MR. CORIGLIANO: Your Honor, I would rather explain the instructions. In the State's opinion there is a problem here and I would like to explain that and Mr. Putka would have his opportunity to make his explanation and tell him what he thinks the instructions mean.

THE COURT: That is absolutely the most outrageous thing I have ever heard. You make your arguments about the instructions to the Court outside of the hearing of the jury. I gave you an opportunity to do that. You said nothing about this.

MR. CORIGLIANO: Well I know, Your Honor, and that's why I am attempting to explain to the members of the jury my position on the instruction. Mr. Putka may have a contrary position and he will be entitled . . .

THE COURT: I'm saying your [sic] out of line.

MR. CORIGLIANO: Well I apologize for that, Your Honor.

THE COURT: And I hereby declare a mistrial.

MR. PUTKA: Your Honor, can we take this up at the side bar or outside the presence of the jury?

THE COURT: No sir, that's the decision. I'm sorry ladies and gentlemen but the conduct I consider is so damaging it could never be repaired by a correcting instruction. I'm sorry you had to sit here all day and not be able to come to a conclusion but I feel the Court has been personally insulted.

A second district court judge denied Browning's motion to dismiss the charge on double jeopardy grounds. On appeal the Cowlitz County Superior Court reversed and dismissed the charges. This review followed.

It is conceded that jeopardy had attached in Browning's trial. *Green v. United States,* 355 U.S. 184, 188, 2 L. Ed. 2d 199, 78 S. Ct. 221, 61 A.L.R.2d 1119 (1957); *State v. Morlock,* 87 Wn.2d 767, 770, 557 P.2d 1315 (1976). A defendant has a "valued right to have his trial completed by a particular tribunal." *Arizona v. Washington,* 434 U.S. 497, 519, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978), quoting from *Wade v. Hunter,* 336 U.S. 684, 689, 93 L. Ed. 974, 69 S. Ct. 834 (1949); *State v. Jones,* 97 Wn.2d 159, 641 P.2d 708 (1982). When a mistrial is declared and the jury discharged without the consent of the defendant or over his objection, serious double jeopardy problems arise.

Although the decision to abort a criminal trial lies within the sound discretion of the trial court, that discretion is not unbridled. If discretion is not exercised or is exercised improperly, a mistrial is tantamount to an acquittal and frees the defendant from further prosecution. *Wade v. Hunter, supra; State v. Connors,* 59 Wn.2d 879, 883, 371 P.2d 541 (1962). Since *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165 (1824), the United States Supreme Court has required that such mistrials, if they are not to preclude a defendant's retrial, be prompted only by "manifest necessity." *Oregon v. Kennedy,* 456 U.S. 667, 672, 72 L. Ed. 2d 416, 102 S. Ct. 2083, 2087 (1982).

In *United States v. Perez,* 22 U.S. at 579, the Supreme Court said:

> [The courts] are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; . . .

As stated in *United States v. Jorn,* 400 U.S. 470, 485, 27 L. Ed. 2d 543, 91 S. Ct. 547 (1971):

> [T]he *Perez* doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant's option until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuance of the proceedings.

It is sometimes said that "manifest necessity" arises only when there are "very extraordinary and striking circumstances." *Downum v. United States,* 372 U.S. 734, 736, 10 L. Ed. 2d 100, 83 S. Ct. 1033 (1963); *State v. Jones,* 97 Wn.2d at 164; or when "discharge was necessary in the interest of the proper administration of public justice." *State v. Connors,* 59 Wn.2d at 883. In any case, the record must reflect the factual basis upon which the court relied in exercising its discretion to call a halt to the proceedings without the defendant's acquiescence. *State v. Dykstra,* 33 Wn. App. 648, 651, 656 P.2d 1137 (1983); *State ex rel. Charles v. Bellingham Mun. Court,* 26 Wn. App. 144, 149, 612 P.2d 427 (1980).

The record in this case fails to demonstrate the existence of "manifest necessity" or such "extraordinary and striking circumstances" that a mistrial was required in the interest of the proper administration of justice. Even given the prosecutor's persistent improper argument, we see nothing to indicate that some less precipitous action would not have solved the problem. Despite their efforts, neither counsel was given an opportunity to explore or suggest other solutions. We are left to speculate as to whose or what interests the judge was seeking to protect. This we are not permitted to do. *See United States v. Jorn,* 400 U.S. at 485–87. However much the judge was piqued by the prosecutor's actions, and however irritating these actions must have been, they pale when balanced against the defendant's right to have his case decided by that particular jury.

Accordingly, we conclude that the district court judge did not have sufficient or tenable grounds on which to exercise his discretion to discharge the jury. The mistrial was improper, and a retrial is prohibited by the double jeopardy clause of the state and federal constitutions. The Superior Court was correct.

Judgment affirmed.

WORSWICK, A.C.J., and PETRIE, J., concur.