[No. 13555-8-II. Division Two. January 13, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN ALLEN RICH, *Appellant*.

*Mark L. Yelish* and *Crawford, McGilliard, Peterson & Yelish,* for appellant (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Pamela B. Loginsky, Deputy,* for respondent.

ALEXANDER, J. — John Allen Rich appeals his conviction on a charge of taking a motor vehicle without permission. He claims that the trial court erred (1) in denying his motion to dismiss for the failure of the State to prove a necessary element of the crime charged, and (2) in denying his motion to dismiss for violation of his right under Const. art. 1, § 9 and the fifth amendment to the United States

Constitution not to be placed in jeopardy twice for the same offense. We reverse.

John Allen Rich was arrested by Deputy Smith of the Kitsap County Sheriff's office for driving without a valid operator's license. After the arrest, a police dispatcher informed Smith that the owners of the car had reported that the car had been taken without their permission. Rich was charged, pursuant to RCW 9A.56.070(1), with one count of taking a motor vehicle without the owner's permission.

A jury was selected and sworn on November 13, 1989. Rich was present during the selection of the jury. Trial was set for the following day at 9:30 a.m., but Rich failed to appear. Defense counsel, believing his client's absence to be involuntary, asked the trial court for a continuance until Rich could be located. The State requested that the trial go forward in Rich's absence. The trial court recessed the trial for 1 hour to give Rich time to appear, but indicated that Rich would be tried "in absentia" if he failed to appear by that time.

Rich did not appear within the hour. Defense counsel, still objecting to a trial in absentia, again moved for a continuance or, in the alternative, for a mistrial. The trial court found that Rich's failure to appear was voluntary and, pursuant to CrR 3.4(b), it granted the State's motion to hold the trial in absentia.[1] The case then proceeded to trial over the continuing objection of defense counsel.

The State called four witnesses, none of whom identified John Allen Rich as the person arrested for the crime charged. Defense counsel called only one witness who, likewise, did not identify Rich. After the defense rested, the trial court declared a noon recess.

Just before the trial court reconvened, Rich appeared. He told the trial court that his "friends" had left him stranded

---

[1]CrR 3.4(b) provides in pertinent part as follows:

"In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of a verdict."

that morning. He said that he was without transportation, did not have access to a telephone, and that he had made it to court only after overcoming great difficulty.

When trial was reconvened, defense counsel moved to dismiss the charges against Rich on the grounds that the State had failed to prove an element of the crime, *i.e.*, the identity of the person who had taken the motor vehicle without permission. The trial court denied the motion, but suggested that the State should move to reopen its case. Defense counsel objected to the reopening.

Acknowledging that defense counsel's objection to the State's reopening of its case was valid, the trial court gave defense counsel the choice of either allowing the State to reopen or of having a mistrial declared. The defense objected to both choices. The trial court granted its own motion for a mistrial.

Rich then moved to dismiss the case on the grounds that jeopardy had already attached and that any retrial of the case would violate his rights under Const. art. 1, § 9 and the fifth amendment to the United States Constitution. The motion was denied and the case was retried. Substantially the same evidence was presented at retrial, except that Deputy Smith identified Rich as the person who had been driving the vehicle that had been reported stolen. The jury found Rich guilty of the offense charged.

Rich contends that the trial court, by allowing the case to be retried after a mistrial was declared, violated his constitutional right not to be twice placed in jeopardy for the same offense.[2]

To determine if the retrial violated Rich's constitutional rights, this court must first determine if, at the time the mistrial was declared, jeopardy had attached. *State v. Eldridge*, 17 Wn. App. 270, 275, 562 P.2d 276 (1977) (citing

---

[2]Const. art. 1, § 9 provides that "[n]o person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." U.S. Const. amend. 5 provides, in pertinent part, that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . .".

*Illinois v. Somerville*, 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066 (1973)). Jeopardy attaches once the jury is selected and sworn. *Eldridge*, 17 Wn. App. at 276 (citing *Downum v. United States*, 372 U.S. 734, 10 L. Ed. 2d 100, 83 S. Ct. 1033 (1963)). Here, not only had the jury been selected and sworn, but both sides had rested after presenting their cases to the jury. Jeopardy had clearly attached.

A trial judge's decision to declare a mistrial without the defendant's consent after jeopardy has attached will not, however, bar a retrial in every instance. *Eldridge*, 17 Wn. App. at 276 (citing *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L. Ed. 165 (1824)). Although the trial court should proceed with the greatest caution when allowing a retrial after a mistrial has been declared, it is permissible to do so in cases where there is a "manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Perez*, 22 U.S. at 580.

Once jeopardy has attached, the court must make two separate inquiries to determine if a retrial is barred. *Eldridge*, 17 Wn. App. at 276. First, did the defendant consent to a mistrial? If he did, a second trial is barred only when the "prosecutor's conduct was motivated 'in bad faith in order to goad the respondent into requesting a mistrial or to prejudice his prospects for an acquittal.' " *State v. Jones*, 33 Wn. App. 865, 870, 658 P.2d 1262 (quoting *United States v. Dinitz*, 424 U.S. 600, 611, 47 L. Ed. 2d 267, 96 S. Ct. 1075 (1976)), *review denied*, 99 Wn.2d 1013 (1983). The second inquiry, which is made only if the defendant did not consent to the mistrial is this: Was there a necessity or emergency which justified the discharge of a jury over the objection of the defendant? *State v. Connors*, 59 Wn.2d 879, 883, 371 P.2d 541 (1962).

The first question is easily answered. The mistrial was not consented to and was only granted over Rich's objection.

The State maintains that Rich actually consented to the mistrial because he chose to have it declared, rather than allow the State to reopen. The State points out that where a defendant retains the power to continue or abort

the trial, and chooses to abort, then double jeopardy is not violated by a retrial. *State v. Jones,* 33 Wn. App. 865, 658 P.2d 1262, *review denied,* 99 Wn.2d 1013 (1983). However, Rich was faced with a "Hobson's choice"[3] of either agreeing to allow the State to reopen, which would clearly prejudice his prospects for acquittal, or agreeing to a mistrial. Faced with these choices, Rich did nothing but simply protest. His failure to select either of two unfavorable options cannot be considered consent to the declaration of a mistrial.

Insofar as the second inquiry is concerned, there was no apparent necessity or emergency that justified the discharge of the jury. Although the decision to abort a criminal trial lies within the sound discretion of the trial court, that discretion is not unbridled. *State v. Browning,* 38 Wn. App. 772, 775, 689 P.2d 1108 (1984); *United States v. Perez,* 22 U.S. at 580. If discretion is not exercised or is exercised improperly, a mistrial is tantamount to an acquittal and frees the defendant from further prosecution. *State v. Browning, supra* (citing *Wade v. Hunter,* 336 U.S. 684, 689, 93 L. Ed. 2d 974, 69 S. Ct. 834 (1949)). The record must reflect the factual basis upon which the trial court exercised its discretion. *State v. Browning,* 38 Wn. App. at 776.

Here, the trial court apparently reasoned that unless the State were allowed to reopen its case the trial would be unfair, because the State had not presented sufficient evidence of Rich's identity. The State's failure to identify Rich was not, however, a problem that can be blamed on Rich. The State had earlier convinced the trial court to proceed with the trial in absentia. In so doing, the State made its burden of proving the identity of the perpetrator of the crime more difficult. In our judgment, an absence of proof caused by the State's determination to proceed to trial without the defendant's presence is not the kind of emergency or necessity which should afford the State another

---

[3]An apparent freedom to take or reject something offered when in actual fact no such freedom exists: an apparent freedom of choice where there is no real alternative. *Webster's Third New International Dictionary* 1076 (1969).

opportunity to prove its case. The State's claim, now, that the trial of Rich, in absentia, made it difficult to establish identification should be rejected.

■ One of the purposes behind the constitutional protections against double jeopardy is to protect

> an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. . . . The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, . . ..

*State v. Eldridge*, 17 Wn. App. at 275 (quoting *Green v. United States*, 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 78 S. Ct. 221, 61 A.L.R.2d 1119 (1957)).

While one can argue that it is unfair to overturn a conviction in a case such as this, the following quote from the *Connors* opinion is worth noting:

> It is regrettable that the action of declaring a mistrial, in consequence of a sincere desire by the trial court to avoid any possibility of error, should have to be the basis for the ultimate release of a defendant of whose guilt there can be but little doubt. However, his right to be tried by the jury first chosen and sworn to try his case is inviolable . . ..

*State v. Connors*, 59 Wn.2d at 885.

Because of our resolution of the double jeopardy issue, it is unnecessary for us to address Rich's contention that the trial court erred in denying his motion to dismiss for the State's failure to prove an element of the crime.

Reversed.

MORGAN, A.C.J., and WORSWICK, J. Pro Tem., concur.