FILED
COURT OF APPEALS
DIVISION II

2015 APR 28 AM 8: 38
STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45894-2-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| MICHAEL R. BROGAN, | |
| Appellant. | |

BJORGEN, A.C.J.—Michael Brogan appeals from his conviction for an unlawful delivery of heroin conducted within 1,000 feet of a school bus route stop, arguing that the trial court erred in denying his motion for a mistrial after the jury had deadlocked.[1] We disagree and affirm.

The State charged Brogan with unlawful delivery arising out of a controlled buy of heroin. The State called its first witness, a detective involved in the controlled buy, at 1:49 p.m. on Thursday, December 12, 2013. It also called the remaining police officers involved in the controlled buy and the confidential informant. The trial recessed at 3:17 p.m. and reconvened at 3:33 p.m. The State then called a forensic scientist and two witnesses to establish the distance

_____

[1] A commissioner of this court initially considered Brogan's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

between the site of the buy and the school bus route stop. The State rested and the trial court discharged the jury for the evening at 4:02 p.m.

Trial resumed the next morning, Friday, December 13, at 10:17 a.m. Brogan rested without calling any witnesses. The trial court instructed the jury, the parties made their closing arguments, and the presiding judge, Judge Haan, excused the jury to deliberate at 11:11 a.m. At approximately 2:30 p.m., the jury informed the bailiff that it was hung. Judge Haan was out of the courthouse at the time. Judge Warning instructed the jury to resume deliberations or write a written statement about being hung. At 4:23 p.m., the jury again informs the bailiff that it was hung. Judge Haan, who had returned to the courthouse, had the jury brought into the courtroom. She asked the presiding juror if there was "reasonable probability of the jury reaching a verdict within a reasonable time in this matter?" Report of Proceedings (RP) (Dec. 13, 2013) at 49. The juror said no. All 11 other jurors said they agreed. Judge Haan excused the jury to the jury room at 4:34 p.m. She decided that rather than discharging the jury, she would have it return on Monday morning to see if it was still deadlocked. She released the jury for the weekend, instructing them to return at 8:50 a.m. on Monday, December 16 "to resume deliberations."

The jury returned on Monday at 9:43 a.m., and informed the bailiff that it had reached a verdict. The jury returned to the courtroom and delivered its verdict of guilty to unlawful delivery of heroin and its answer of yes to the question of whether the delivery occurred within 1,000 feet of a school bus route stop. The jury was polled, confirming the verdict. Brogan moved for a mistrial, arguing that the jury should have been discharged on Friday when it announced that it was deadlocked. Judge Haan denied his motion.

Brogan argues that by ordering the jury, after it had unanimously stated that it was deadlocked on Friday afternoon, to return on Monday morning to resume deliberations, the trial

2

court coerced the jury into reaching a verdict and denied him due process. *State v. Boogaard*, 90 Wn.2d 733, 736-37, 585 P.2d 789 (1978). But the court's limited inquiry into the jury's status and its instruction to the jury "to continue to deliberate" on Monday morning does not constitute coercion, in contrast to the judge's actions in *Boogaard* of asking the presiding juror about the history of the jury's voting and asking the presiding juror whether he thought the jury could reach a verdict in a half hour. *Boogaard*, 90 Wn.2d at 739-40. Thus, Brogan has not demonstrated that he was denied due process.

Brogan also argues that the trial court violated CrR 6.16(a)(3)[2] when it ordered the jury to return on Monday morning to resume deliberations. When a jury announces that it is deadlocked, the trial court may consider the complexity of the case, and the length of deliberations relative to the length of the trial, in determining whether to discharge the jury or order it to resume deliberations. *State v. Jones*, 97 Wn.2d 159, 165, 641 P.2d 708 (1982) (citing *Boogaard*, 90 Wn.2d at 739). We review a trial court's decision to order a jury to resume deliberations for an abuse of discretion. *State v. Dykstra*, 33 Wn. App. 648, 651, 656 P.2d 1137 (1983) (citing *Jones*, 97 Wn.2d at 165). Brogan contends that because the State's case was not complex, and that the trial took less than three hours but the jury deliberated for more than five hours before declaring it was deadlocked, the trial court abused its discretion in denying his motion for a mistrial. While the record indicates that the jury began its deliberations at 11:11 a.m. and informed Judge Haan of its deadlock at 4:23 p.m., it does not show how much of that time the jury was in deliberations. They may have adjourned for lunch. It may be that after

_____

[2] CrR 6.16(a)(3) provides that if, during the poll of the jury, not all of the jurors concur with the verdict, "the jury may be directed to retire for further deliberations or may be discharged by the court."

No. 45894-2-II

informing the bailiff of their deadlock at approximately 2:30 p.m., and being instructed by Judge Warning to resume deliberations or write a statement regarding its deadlock, it may not have deliberated further. Further, even if the jury deliberated for all five hours, that amount of time is not so disproportionate to the length of the trial to render Judge Haan's decision to order the jury to resume deliberations on Monday morning an abuse of discretion.

In his statement of additional grounds, Brogan asserts that when it resumed deliberations on Monday morning, the jury had already reached a verdict. There is, however, nothing in the record to support Brogan's assertion.

We affirm Brogan's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J.

We concur:

MAXA, J.

MELNICK, J.

4