# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49501-5-II |
| Respondent, | |
| v. | |
| ROBIN ADELL LANDER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Robin Adell Lander appeals her conviction for unlawful delivery of a controlled substance—methamphetamine, with a school bus route stop enhancement.[1] Lander argues that (1) the trial court erred by failing to grant a mistrial after the jury informed the court that it was deadlocked and (2) the trial court coerced an invalid verdict by instructing the jury to continue deliberating after the jury stated that it could not reach a verdict. We affirm Lander's conviction.

## FACTS

On June 26, 2014, police officers conducted a controlled buy involving a confidential informant. The informant purchased methamphetamine from a woman in an alley that was within 1,000 feet of a school bus route stop. A detective later identified the woman as Lander from a photograph. Lander was not arrested at the time, but the State subsequently charged her with delivery of a controlled substance within 1,000 feet of a school bus route stop.

---

[1] RCW 69.50.401(1), (2)(b), .435(1)(c).

At trial, witnesses testified to the above facts. The trial lasted for nearly two days. Lander argued that the State had not proven beyond a reasonable doubt that she was the woman who sold the methamphetamine to the confidential informant. Approximately four hours after the trial court excused the jury to deliberate, the jury informed the bailiff that it was deadlocked.

The trial court called the jury into the courtroom and asked the presiding juror if there was a "reasonable probability of the jury reaching a verdict within a reasonable time?" 2 Verbatim Report of Proceedings (VRP) at 256. The presiding juror said, "No." 2 VRP at 256. The trial court then instructed the jury as follows:

> Okay. Okay. So what I'd like to do—and don't throw anything at me, please—is that I'm going to invite you to go back and to continue to deliberate to see if you can reach a verdict. So I'm going to send you back in in an effort to reach a verdict. So we'll send you back in and then you can communicate with the bailiffs to tell us where you're at in the future. But I'm going to send you back now.

2 VRP at 256.

Later that day, the jury returned a guilty verdict and returned a special verdict, finding that Lander delivered methamphetamine within 1,000 feet of a school bus route stop. The trial court polled the jury, and each juror confirmed the verdict. Lander appeals.

## ANALYSIS

### JURY DEADLOCK

A.    *Failure To Discharge Deadlocked Jury*

Lander argues that the trial court erred by failing to grant a mistrial after the jury informed the court that it was deadlocked. We disagree.

A trial court should grant a mistrial only when the defendant has been so prejudiced that nothing short of a new trial can ensure that she will be fairly tried. *State v. Emery*, 174 Wn.2d

741, 765, 278 P.3d 653 (2012). "A jury's assertion that it is deadlocked may result in the trial court declaring a mistrial." *State v. Burdette*, 178 Wn. App. 183, 195, 313 P.3d 1235 (2013). However, the jury's own assessment that it is deadlocked is not sufficient grounds by itself for declaring a mistrial. *See* 178 Wn. App. at 195-96.

In determining whether a jury is deadlocked, the trial court may consider the length of jury deliberations relative to the length of the trial and the complexity of issues and evidence. 178 Wn. App. at 195-96. The trial court is in the best position to assess all the factors in determining whether the jury can reach a just verdict if it continues to deliberate, and accordingly, we give great deference to the trial court's decision. *State v. Strine*, 176 Wn.2d 742, 757, 293 P.3d 1177 (2013). We review the trial court's decision for an abuse of discretion. *Emery*, 174 Wn.2d at 765. A trial court abuses its discretion only when no reasonable judge would have reached the same conclusion. *Emery*, 174 Wn.2d at 765.

Here, the jury informed the trial court that it was deadlocked after approximately four hours of deliberations. The trial lasted approximately two days. The trial court asked the presiding juror if there was any "reasonable probability of the jury reaching a verdict within a reasonable time?" 2 VRP at 256. The juror said, "No." 2 VRP at 256. The trial court then directed the jury to continue to deliberate in an effort to reach a verdict.

Lander relies on *State v. Dykstra*, 33 Wn. App. 648, 656 P.2d 1137 (1983), in arguing that the trial court should have declared a mistrial. However, *Dykstra* is factually distinguishable. In *Dykstra*, the trial court declared a mistrial after the jury could not reach a verdict, and the issue on appeal concerned whether the trial court had violated the defendant's right to have his trial completed by a particular tribunal. 33 Wn. App. at 649-51. The *Dykstra*

3

court held that Dykstra's right was not violated because there were extraordinary and striking circumstances to justify the mistrial. 33 Wn. App. at 651.

Here, unlike *Dykstra*, the trial court did not declare a mistrial. The jury had deliberated for only four hours or so. *Dykstra* does not support Lander's argument that the trial court abused its discretion.

We hold that the trial court did not abuse its discretion by failing to declare a mistrial. This was a two-day trial, and the jury had deliberated for approximately four hours. Lander argued the issue of identity because the detectives did not arrest the woman after the controlled buy but later identified Lander, by photograph, as the woman selling the methamphetamine. It is not unreasonable to assume that a jury needed more time to evaluate the evidence on the issue of identity and to reach a verdict. Considering the length of the jury deliberations in relation to the length of the trial, along with the complexity of the issue in the case, it cannot be said that no reasonable judge would have reached the same conclusion that the jury was not truly deadlocked. *Emery*, 174 Wn.2d at 765. Moreover, the jury's own assessment that it is deadlocked, standing alone, is insufficient grounds for declaring a mistrial. *See Burdette*, 178 Wn.2d at 195-96. Accordingly, the trial court did not abuse its discretion by failing to declare a mistrial after the jury informed the court that it was deadlocked.

B.      *Instruction To Continue Deliberations*

Lander argues that the trial court coerced an invalid verdict by instructing the jury to continue deliberating after the jury stated that it could not reach a verdict. We disagree.

A criminal defendant is guaranteed the right to a fair and impartial jury. U.S. CONST. amend. VI; WASH. CONST. art. I, §§21, 22. The right to a fair and impartial jury trial demands

that a trial court refrain from exerting coercive pressure on the jury's deliberations. *See State v. Gaines*, 194 Wn. App. 892, 896, 380 P.3d 540 (2016).

Once jury deliberations commence, the trial court is prohibited from instructing the jury in such a way that suggests (1) the need for agreement, (2) the consequences of no agreement, or (3) the length of time that is required to deliberate. CrR 6.15(f)(2). To demonstrate judicial coercion, a defendant must provide more than mere speculation about how the trial court's intervention might have influenced the jury's verdict. *State v. Ford*, 171 Wn.2d 185, 189, 250 P.3d 97 (2011). The defendant "must establish a reasonably substantial possibility that the verdict was improperly influenced by the trial court's intervention." 171 Wn.2d at 188-89.

Here, the jury deliberated for approximately four hours before informing the court that it could not come to an agreement. The court then instructed:

> Okay. Okay. So what I'd like to do—and don't throw anything at me, please— is that I'm going to invite you to go back and to continue to deliberate to see if you can reach a verdict. So I'm going to send you back in in an effort to reach a verdict. So we'll send you back in and then you can communicate with the bailiffs to tell us where you're at in the future. But I'm going to send you back now.

2 VRP at 256. Later that day, the jury returned with a guilty verdict. The trial court then polled the individual jurors, and each confirmed the verdict.

Lander contends that the trial court erred by instructing the jurors to continue deliberations after they stated that they could not reach a verdict. However, Lander's argument fails because the trial court's instruction merely directed the jury to continue deliberations in an effort to reach a just verdict. The instruction did not suggest that the jurors were required to reach a verdict or that there were consequences if the jury did not reach a verdict, and the instruction did not proscribe a time requirement for the deliberations. CrR 6.15(f)(2).

5

No. 49501-5-II

Although Lander contends that jurors who doubted the State's case acquiesced after the trial court's instruction, there is nothing in the record that supports her contention. The trial court polled the jury, and each juror confirmed the verdict. Under these circumstances, Lander provides only mere speculation that the trial court's instruction coerced the jury to reach an agreement. Accordingly, Lander fails to establish that there is a reasonably substantial probability that her verdict was influenced by the trial court's instruction.

We affirm Lander's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, C.J.

Melnick, J.

6