IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  56103-4-II |
| Respondent, | |
| v. | UNPUBLISHED  OPINION |
| DEMECIES DAYTON CRAVER, | |
| Appellant. | |

WORSWICK, J. — A jury found Demecies Craver guilty of two counts of third degree assault, one count of harming a police dog, one count of fourth degree assault, and one count of violation of a no contact order.  As part of Craver's sentence, the trial court imposed legal financial obligations (LFOs) with an income withholding provision, which authorized the Department of Corrections or clerk to issue a notice of payroll deduction.  Craver appeals the income withholding provision of his judgment and sentence, arguing that the trial court cannot satisfy his LFOs by attaching or garnishing social security income.  Craver also filed a statement of additional grounds for review (SAG), arguing that the jury improperly communicated with a third party, the State did not prove an absence of self-defense by substantial evidence, and a witness lacked credibility.

We hold that Craver's income withholding argument is not reviewable because he failed to preserve the error.  We also hold that sufficient evidence supports Craver's convictions and that there was no juror misconduct, but we do not address his credibility argument.  We affirm.

## FACTS

### I. BACKGROUND

Before trial, a superior court commissioner imposed a domestic violence no contact order protecting Craver's younger sister.

On December 21, 2019, Craver's mother called 911 to report that Craver had assaulted his six year old developmentally delayed sister and had attempted to retrieve a gun from under the mother's bed. Deputy Jankens and Deputy Kurkowski responded to the call, and a struggle ensued. The deputies asked Craver to put his hands behind his back, but Craver resisted arrest by tensing his arms in an attempt to resist being handcuffed. Craver then started to strike Deputy Kurkowski and grabbed ahold of him. In response, Deputy Kurkowski struck Craver multiple times to gain compliance, but Craver did not comply. Deputy Kurkowski then tased Craver, and Craver dropped to his knees. Before the deputies were able to handcuff Craver, Craver got up and lunged at Deputy Kurkowski. The officers continued their attempts to handcuff Craver, but Craver continued to swing at the officers.

Craver fell to the ground, then got up after a few seconds and ran outside the house. The officers ran after Craver and tased him again but failed to handcuff him before the taser cycle wore off. Deputy Jankens then attempted to perform vascular neck restraint to render Craver unconscious so they could place him into handcuffs. Craver pretended to be unconscious, and when Deputy Jankens released his grip, Craver escaped. Deputy Kurkowski deployed pepper spray, but it was ineffective. Deputy Kurkowski and Deputy Jankens requested backup from a third officer, Deputy Redding, who warned Craver that he would release a police dog if he did not lay on his stomach. Craver did not comply.

Deputy Redding released the police dog, who immediately latched onto Craver. Craver then held the police dog in a chokehold until the police dog's body became limp. The officers eventually gained control over Craver and handcuffed him.

## II. TRIAL AND SENTENCE

The State charged Craver with two counts of third degree assault for assaulting the police officers, one count of second degree unlawful possession of a firearm, one count of harming a police dog, one count of assault in the fourth degree for assaulting his minor sister, and violation of a no contact order. The case proceeded to a jury trial. Craver asserted self-defense as to third degree assault and harming a police dog.

At trial, Deputy Kurkowski, Deputy Jankens, and Deputy Redding testified to the facts listed above. At the close of the evidence, Craver called an unusual juror situation to the attention of the trial court.

A police officer who had responded to the scene of a different 911 call involving Craver had died en route. Apparently, that officer's widow had appeared at a different trial and attempted to contact jurors. In this case, Craver asked that juror 8 be made an alternate, stating that juror 8 attended the same church as the deceased officer's parents, and mentioning the wife's conduct in the other case. Craver conceded that there was no evidence that juror 8's judgment was affected by those facts. The trial court denied Craver's request, explaining that the case law did not allow the court to exclude a juror based solely on the appearance of fairness, and that it did not appear that the communications with the juror had tainted the jury pool.

The jury found Craver guilty of two counts of third degree assault, one count of harming a police dog, one count of fourth degree assault, and one degree of violation of a no contact

order. As part of Craver's felony convictions, the trial court found Craver indigent and imposed a $500 victim penalty assessment fee and a $100 DNA collection fee as LFOs. The judgment and sentence included the following notice:

> **NOTICE OF INCOME-WITHHOLDING ACTION.** If the court has not ordered an immediate notice of payroll deduction in Section 4.1, you are notified that the Department of Corrections or the clerk of the court may issue a notice of payroll deduction without notice to you if you are more than 30 days past due in monthly payments in an amount equal to or greater than the amount payable for one month. RCW 9.94A.7602. Other income-withholding action under RCW 9.94A may be taken without further notice. RCW 9.94A.7606.

Clerk's Papers at 141.

Craver appeals his judgment and sentence.

ANALYSIS

I. FAILURE TO PRESERVE ISSUE FOR APPEAL

Craver argues that the trial court erred by including the income withholding provision in his judgment and sentence. The State argues that Craver may not challenge the provision for the first time of appeal because he failed to preserve the issue. We agree with the State.

A defendant who makes no objection to the imposition of LFOs at sentencing is not entitled to review. *State v. Stoddard*, 192 Wn. App. 222, 224-26, 366 P.3d 474 (2016). We have discretion to refuse to review a claim of error not raised in the trial court, unless the defendant can show that the error falls under an exception. RAP 2.5(a). A party may argue for the first time on appeal that the trial court lacked jurisdiction, a party failed to establish facts upon which relief can be granted, and the trial court committed manifest error affecting a constitutional right. RAP 2.5(a).

The purpose of issue preservation is to maintain judicial efficiency. *State v. Robinson*, 171 Wn.2d 292, 304-05, 253 P.3d 84 (2011). Issue preservation ensures that the trial court has the opportunity to correct any errors, thereby avoiding unnecessary appeals. *Robinson*, 171 Wn.2d at 304-05. Therefore, permitting appeal of unpreserved issues undermines the trial process and wastes judicial resources. *Robinson*, 171 Wn.2d at 305.

Here, Craver never objected to the trial court's imposition of LFOs or the income withholding provision of his judgment and sentence, thus he can only assert his argument for the first time on appeal if it meets the RAP 2.5(a) exceptions. Craver bases his argument on 42 U.S.C § 407(a), which provides that social security income based on disability or old age may not be garnished or attached. *State v. Dillon*, 12 Wn. App. 2d 133, 153, 456 P.3d 1199 (2020). The alleged violation here does not fall within any of the stated exceptions, nor does Craver make any argument that it does. Because Craver failed to object, he did not preserve the error and we decline to consider this issue.

## II. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

A. *Jury Communication*

Craver argues that a decedent officer's wife tampered with the jury, entitling him to a new trial. We disagree.

"Communications between a third person and a juror about an ongoing trial constitute misconduct which warrants a new trial if such communications prejudice the defendant." *State v. Brenner*, 53 Wn. App. 367, 372, 768 P.2d 509 (1989), *overruled on other grounds by State v. Wentz*, 149 Wn.2d 342, 68 P.3d 282 (2003). Once misconduct is shown, prejudice is presumed. *State v. Murphy*, 44 Wn. App. 290, 296, 721 P.2d 30 (1986).

Yet, to grant appellate review of a trial error, a defendant must present a sufficiently complete record. *State v. Classen*, 143 Wn. App. 45, 54, 176 P.3d 582 (2008). In other words, we must have sufficient evidence on the record to understand and review the events at trial from which the appellant's contention arises. *Classen*, 143 Wn. App. at 55.

Here, there was no evidence that the deceased officer's wife approached any of the jurors in this case. Thus, Craver is not entitled to a new trial.

B.       *Self-Defense and Witness Credibility*

Craver argues that his convictions of third degree assault and harming a police officer should be overturned because he was acting in self-defense. We disagree.

Craver's argument amounts to a sufficiency of the evidence argument. In essence, he argues that the State did not present sufficient evidence to disprove self-defense. But, evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). We interpret all reasonable inferences in the State's favor. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006).

When a defendant seeks to assert self-defense against a law enforcement officer, a defendant "may use force to resist arrest only if the arrestee actually, as opposed to apparently, faces imminent danger of serious injury or death" from an officer's use of excessive force. *State v. Bradley*, 141 Wn.2d 731, 737, 10 P.3d 358 (2000). Thus, as part of the State's burden, the State has to show that the police used "lawful force" and that Craver was not actually faced with imminent danger. *State v. Bradley*, 96 Wn. App. 678, 685-86, 980 P.2d 235 (1999), *aff'd*, 141

6

Wn.2d 731 (Wash. 2000). A police officer uses lawful force when he exerts force necessary to the performance of the officer's legal duties. RCW 9A.16.020. Where a defendant asserts self-defense, the absence of self-defense becomes another element of the offense, which the State must prove beyond a reasonable doubt. *State v. Woods*, 138 Wn. App. 191, 199, 156 P.3d 309 (2007).

Sufficient evidence supports the absence of self-defense because the evidence shows the officers used lawful force. Craver resisted arrest by running away, harming the officers, and resisting the police officers' attempts of positioning Craver into a cuffing position. Although the officers employed their fists, pepper spray, and a police dog, the evidence supports that this degree of force was necessary for the officers to control and arrest Craver. The officers escalated their use of violence in response to Craver's continuing attempts to flee and resist arrest. Thus, the officers used force to the extent necessary to carry out a lawful arrest. RCW 9A.16.020. Because sufficient evidence supports a finding of lawful force, the State met its burden of showing the absence of self-defense against a police officer.

Craver also reiterates his version of events and adds additional facts regarding the credibility of an officer witness. We do not address this argument because credibility determinations are for the trier of fact and are not subject to review. *State v. Cardenas-Flores*, 194 Wn. App. 496, 510, 374 P.3d 1217 (2016).

CONCLUSION

We do not review Craver's challenge to the income withholding provision in his judgment and sentence because he failed to preserve this issue for appeal. Regarding Craver's

No. 56103-4-II

SAG, we hold that sufficient evidence supports an absence of self-defense, there was no juror misconduct, and his credibility argument is not subject to review.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Cruser, A.C.J.

Price, J.